UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS KEMPER, | : | CIVIL ACTION NO. **1:CV-12-2022** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| SUPERINTENDENT MICHAEL HARLOW, *et al.*, | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On June 27, 2012, Petitioner Douglas Kemper, who is incarcerated at the State Correctional Institution at Albion, Pennsylvania, ("SCI-Albion"), Pennsylvania, filed a habeas corpus petition, pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner paid the filing fee. (Doc. 5). On October 16, 2012, we issued a Show Cause Order on Respondents directing them to respond to Petitioner's habeas petition in 20 days. (Doc. 7). After extensions of time were granted, on January 31, 2013, Respondents filed a Response to Petitioner's habeas petition with exhibits. (Doc 16). Petitioner did not file a Traverse. Thus, Petitioner's habeas petition is ripe for disposition.

In his habeas petition, Petitioner alleges ineffective Assistance of Counsel and that his Sixth Amendment and Fourteenth Amendment Due Process rights have been violated. (Doc. 1, pp. 6-7).

## II. State Procedural Background.

On May 8, 2008, Petitioner entered a guilty plea in the York County Court of Common Pleas ("CCP") in case CP-67-CR-0000311-2007[1] to felony Possession with Intent to Deliver Cocaine for a sentence of five(5) to ten(10) years incarceration and in case CP-67-CR-0000312-2007 to felony Possession with Intent to Deliver Cocaine for a sentence of five (5) to ten (10) years incarceration. (Respondents' Reproduced Record ("RRR") pp. 79-80). Petitioner also pled no contest in case CP-67-CR-0002508-2007 to Receiving Stolen Property for a sentence of two (2) years probation concurrent with the drug charges. (*Id.*). Finally, Petitioner pled guilty in CP-67-CR-0008030-2007 to Driving under the Influence for a sentence of forty-eight (48) hours to six (6) months concurrent with the drug charges. (*Id.*). On July, 2, 2008, Petitioner was sentenced to an aggregate sentence of ten (10) to twenty (20) years. (*Id.*). Petitioner's prison reporting date was deferred to allow Petitioner to address medical issues. (*Id.*). On August 1, 2008, Petitioner's sentence became final.

On September 1, 2008, Petitioner failed to report to the York County Prison and a fugitive warrant was issued for his arrest. (*Id.*). On November 7, 2008, Petitioner was taken into custody to serve his sentence. (*Id.*).

On July 29, 2009, Petitioner filed a Post Conviction Relief Act ("PCRA") Petition with the CCP relating to cases CP-67-CR-0000311-2007, CP-67-CR-0000312-2007 and CP-67-CR-0008030-2007. (*Id.*). On July 15, 2010, the trial court reinstated Petitioner's right to file post-sentence motions for cases CP-67-CR-0000311-2007, CP-67-CR-0000312-2007 and CP-67-CR-0008030-2007 on the

---

[1]We obtained copies of Petitioner's CCP Criminal Docket Sheets at http://ujsportal.pacourts.us. We take judicial notice of Petitioner's CCP docket Sheets. We used Petitioner's CCP Docket Sheets to verify dates.

basis that Petitioner was not advised of his post-sentence rights at the time of sentencing. (*Id*.). On July 26, 2010, Petitioner filed a post-sentence motion to withdraw his guilty plea. (*Id*.). On January 21, 2011, the trial court denied Petitioner's post-sentence motion. (*Id*.).

On February 1, 2011, Petitioner filed a notice of appeal with the Superior Court of Pennsylvania related to case CP-67-CR-0000311-2007. (228 MDA 2011). On that date, Petitioner also filed a notice of appeal with the Superior Court related to case CP-67-CR-0000312-2007. (229 MDA 2011). Petitioner further filed a notice of appeal with the Superior Court related to case CP-67-CR-0008030-2007. (230 MDA 2011). On June 9, 2011, Petitioner withdrew appeal 230 MDA 2011 with the Superior Court related to case CP-67-CR-0008030-2007. (RRR p. 176). On November 14, 2011, the Superior Court affirmed Petitioner's conviction and the trial court's denial of post-sentence motions. (*Id.*, pp. 178-184). Subsequently, on October 3, 2012, Petitioner filed the instant habeas petition. (Doc. 1).

**III. Claims of Habeas Petition.**

In his October 3, 2012 Habeas Petition, Petitioner raises the following grounds:

> GROUND ONE: Ineffective Counsel Layered Claim. Illegal Sentence Colloquy Failure to advise Appellant Rights both at Guilty Plea and Sentence.
>
> GROUND TWO: With no Consent Counsel Discontinued Appeal. Docket No: 230 MDA 2011 6th Amendment Violation as well 14th Due Process.

(Doc. 1, pp. 6, 7 ).

## IV. Standard of Review.

Review of the Petitioner's claim is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, ---- U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion

4

opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*). A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id*. at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

The Court will first determine if the Petitioner's habeas petition is timely and if equitable tolling applies. If the Court finds the habeas petition to be timely or finds that equitable tolling applies, we will review the merits of the habeas claims. (*Id.*).

5

**V. Discussion.**

*A. Timeliness*

The AEDPA statutory language governing time limitations for filing a §2254 habeas petition is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Respondents contend that Petitioner's case is only partially timely. (Doc. 16, p. 5). Respondents concede that the sentences related to CP-67-CR-0000311-2007 and CP-67-CR-0000312-2007 became final on December 14, 2011 (thirty days (30) after the Superior Court affirmed Petitioner's conviction and the trial court's denial of post-sentence motions on November 14, 2011). Thus, Petitioner had until December 13, 2012, in addition to any time during which the statute of limitations ("SOL") was tolled, to file his

6

§2254 habeas petition in a timely manner. *See Fahy v. Horn,* 240 F.3d 239 (3d Cir. 2001). Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2)[2]; *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003). Petitioner filed the habeas petition on October 9, 2012, therefore, Petitioner had seventy-two days remaining on his three hundred sixty-five (365) day limitations period. Therefore, we agree with Respondents that the petition is timely as it relates to CP-67-CR-0000311-2007 and CP-67-CR-0000312-2007.

Respondents further contend that the petition is untimely as it relates to CP-67-CR-0008030-2007. Respondents contend that the SOL expired on June 9, 2012 because Petitioner withdrew the Superior Court appeal 230 MDA 2011 on June 9, 2011. Petitioner did not file any further appeals related to CP-67-CR-0008030-2007 after June 9, 2011. Therefore, Petitioner's habeas is approximately four (4) months untimely. We agree.

Furthermore, Respondents argue that the petition as it relates to CP-67-CR-0002508-2007 is untimely by three (3) years as he was sentenced on July 2, 2008 and did not further appeal, thus, his limitation period expired on August 1, 2009 making the petition untimely by approximately three(3) years and two(2) months. We agree.

Accordingly, we find that Petitioner's one-year AEDPA statute of limitations has expired as it relates to CP-67-CR-0008030-2007 and CP-67-CR-0002508-2007 and shall recommend that

---

[2]Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2244(d).

the portion of Petitioner's habeas petition relating to those cases be dismissed as untimely, unless the statute of limitations is found to have been equitably tolled.

*B. Equitable Tolling*

We now discuss whether equitable tolling applies in this case.

Petitioner has never exhibited that he has been actively misled by Respondents and the record reflects no basis for the argument. (Doc. 1). Furthermore, it does not appear that Petitioner's rights were prevented in an extraordinary manner and Petitioner has never asserted his rights in the wrong forum, thus, there is no basis for equitable tolling. (*Id.*). Petitioner has not provided a response to the statute of limitations or equitable tolling issues regarding CP-67-CR-0008030-2007 and CP-67-CR-0002508-2007 or any evidence to support equitable tolling. We find that the Court can decide if the principles of equitable tolling apply to toll Petitioner's AEDPA statute of limitations regarding his instant §2254 habeas petition and, that if the Court finds no basis for equitable tolling, it can dismiss that part of the habeas petition as time-barred. *See also Fahy v. Horn,* 240 F.3d 239 (3d Cir. 2001).

The two elements of equitable tolling, are: 1) due diligence, and 2) extraordinary circumstances, and their dependence on the characteristics of the prisoner in the particular case. *Pabon v. Superintendent, SCI Mahanoy*, 654 F.3d 385 (3rd Cir. 2011).

In *Pabon v. Mahanoy*, 654 F.3d 385 (3rd Cir. 2011), the Third Circuit Court recently stated:

> In determining whether equitable tolling should be granted, we address two questions: (1) whether the petitioner faced extraordinary circumstances that stood in the way of timely filing; and (2) whether he or she exercised reasonable diligence. *Pace v.*

8

> *DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Merritt v. Blaine,* 326 F.3d 157, 168 (3d Cir.2003) (same). In *Holland v. Florida* the Supreme Court confirmed that equitable tolling may be applied to AEDPA's statutory limitations period. —— U.S. ——, ——, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)FN20.
>
> There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account. *Id.* at 2563. As *Holland* explains, while prior decisions provide guidance, rigid reliance on precedent should be avoided. *Id.* In each case, there is a need for "flexibility," "avoiding 'mechanical rules,' " and "awareness ... that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* (internal citation omitted). FN21
>
> In sum, equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair." *Miller v. N.J. State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998); *see also LaCava v. Kyler,* 398 F.3d 271, 275 (3d Cir.2005). However, courts need to be "sparing in their use of" the doctrine. *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

(Footnotes omitted).

In *Pabon*, the Third Circuit Court found that the "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." *Id.* at *13. The *Pabon* Court noted that "the relevant inquiry is not whether the circumstances alleged to be extraordinary is unique to the Petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Id*.

As the Court in *Musgrove v. Filion*, 232 F. Supp. 2d 26, 28 (E.D. N.Y. 2002), stated, "[t]he doctrine of equitable tolling is proper only in the 'rare and exceptional circumstances.' To invoke the doctrine, a petitioner must show that:

> (1) 'extraordinary circumstances prevented him from filing his petition on time;' and (2) he 'acted with reasonable diligence throughout the period he seeks to toll'." (Internal citations omitted).

Further, mere excusable neglect is not sufficient for a Petitioner to be entitled to equitable tolling, where he must show he exercised reasonable diligence in investigating and bringing his claims. *See Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618-619 (3d Cir.1998); *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir.2003)).

"[E]ven in situations in which equitable tolling initially applies, a party must file suit within a reasonable period of time after realizing that such a suit has become necessary." *Walker v. Frank*, 56 Fed.Appx. 577, 582 (3d Cir.2003). "A grant of equitable tolling, unlike statutory tolling, does not shift the deadline so that each day of tolling results in a one day postponement of the deadline." *Ragan v. Horn*, 598 F.Supp.2d 677, 685-686 at 680 (E.D.Pa.2009)(*citing Phillips v. Heine*, 984 F.2d 489, 492 (D.C.Cir.1993)). Once the extraordinary circumstances justifying equitable tolling have ended, the petitioner must file as soon as reasonably possible. (*Id*.).

We must look to the dismissal of the instant Habeas Corpus Petition to see if the equitable tolling doctrine should be invoked in this case. *Musgrove, supra*.

In this case, the Petitioner is clearly beyond the SOL in regard to CP-67-CR-0008030-2007 and CP-67-CR-0002508-2007, as discussed above, because he did not file his present habeas petition until October 9, 2012. (Doc. 1). We do not find extraordinary circumstances in this case which prevented Petitioner from filing a timely habeas petition. Petitioner does not give any reason for the delay in filing his habeas petition. Nor does Petitioner any reason for the delay or any extraordinary circumstances which prevented him from filing. Petitioner's habeas petition was filed

10

approximately three(3) years and two(2) months untimely in CP-67-CR-0002508-2007 and four (4) months untimely in CP-67-CR-0008030-2007 after the SOL ran. Petitioner has not shown any extraordinary circumstances which prevented him from timely filing his habeas petition. Petitioner does not submit any evidence to support his entitlement to equitable tolling. *See* Docket, *generally*.

Moreover, as stated, there is simply no claim by Petitioner that he was actively misled or that he timely asserted his rights in the wrong forum.

Respondents' contend that Petitioner has failed to show that he has been acting diligently and fails to provide an extraordinary circumstance that would support equitable tolling in regard to his claims related to CP-67-CR-0002508-2007 and CP-67-CR-0008030-2007 . (Doc. 16, pp. 8-9).

"[E]ven in situations in which equitable tolling initially applies, a party must file suit within a reasonable period of time after realizing that such a suit has become necessary." *Walker v. Frank*, 56 Fed.Appx. 577, 582 (3d Cir.2003). "A grant of equitable tolling, unlike statutory tolling, does not shift the deadline so that each day of tolling results in a one day postponement of the deadline." *Ragan v. Horn*, 598 F.Supp.2d 677, 685-686 at 680 (E.D.Pa.2009)(*citing Phillips v. Heine*, 984 F.2d 489, 492 (D.C.Cir.1993)). Once the extraordinary circumstances justifying equitable tolling have ended, the petitioner must file as soon as reasonably possible. (*Id.*).

Based on the above, we find that Petitioner has failed to show extraordinary circumstances or that "the principles of equity would make the rigid application of a limitation period [§ 2241(d)(1)] unfair." *Miller,* 145 F. 3d at 618. We find that equitable tolling of the AEDPA statute of limitations is not warranted in this case.

11

Thus, we do not find that extraordinary circumstances prevented Petitioner from timely filing his habeas petition within the AEDPA statute of limitations. We find that Petitioner's habeas petition claims as they relate to CP-67-CR-0002508-2007 and CP-67-CR-0008030-2007 are untimely and should be dismissed pursuant to 28 U.S.C. §2244(d)(1)(A).

C. *Procedural Default*

1. *Ground One- Ineffective Assistance of Counsel-Guilty Plea*

Respondents argue that Petitioner's claim of ineffective assistance of counsel in that he was not advised of his post-sentence rights at the time of sentencing was not exhausted before the Pennsylvania courts, therefore, Petitioner waived the claim by procedural default. We agree.

On July 29, 2009, Petitioner filed a PCRA Petition with the CCP relating to cases CP-67-CR-0000311-2007, CP-67-CR-0000312-2007 and CP-67-CR-0008030-2007. (RRR p.63). On July 15, 2010, the trial court reinstated Petitioner's right to file post-sentence motions for cases CP-67-CR-0000311-2007, CP-67-CR-0000312-2007 and CP-67-CR-0008030-2007 on the basis that Petitioner was not advised of his post-sentence rights at the time of sentencing. (*Id*.). On July 26, 2010, Petitioner filed a post-sentence motion to withdraw his guilty plea. (*Id*.). On January 21, 2011, the trial court denied Petitioner's post-sentence motion. (*Id*.).

On February 1, 2011, Petitioner filed a notice of appeal with the Superior Court related to case CP-67-CR-0000311-2007. (228 MDA 2011). On that date, Petitioner also filed a notice of appeal with the Superior Court related to case CP-67-CR-0000312-2007. (229 MDA 2011). Petitioner further filed a notice of appeal with the Superior Court related to case CP-67-CR-

12

0008030-2007. (230 MDA 2011). On June 9, 2011, Petitioner withdrew appeal 230 MDA 2011 with the Superior Court related to case CP-67-CR-0008030-2007. (RRR 178).

On November 14, 2011, the Superior Court affirmed Petitioner's conviction and the trial court's denial of post-sentence motions. (*Id.*). The Superior Court specifically noted:

> To the extent that Appellant alleges that he was misadvised by defense counsel in entering into the pleas, these claims are not properly before us at this time. In the recent decision of **Commonwealth v. Barnett**, 25 A.3d 371 (Pa. Super. 2011), an *en banc* panel of Court held:
>
>> Based on the opinion of a majority of participating Justices in [**Commonwealth v. Wright**, 961 A.2d 119 (Pa. 2008)] and [**Commonwealth v. Liston**, 977 A.2d 1089 (Pa. 2009)], this Court cannot engage in review of ineffective assistance of counsel claims on direct appeal absent an "express, knowing and voluntary waiver of PCRA review in the trial court, absent further instruction from our Supreme Court, this Court, pursuant to **Wright** and **Liston**, will no longer consider ineffective assistance of counsel claims on direct appeal.
>
> Id. at 377 (footnotes omitted). Accordingly, we refrain from addressing any ineffective assistance of counsel implied by Appellant. (emphasis in original).

Thus, Petitioner's sentence became final on December 14, 2011 after the thirty(30) period of allowance of appeal to the Pennsylvania Supreme Court expired. Petitioner then had one year until December 14, 2012 in which to raise his ineffective assistance of counsel claim through a PCRA. 42 Pa. C.S. §9545(b). Petitioner did not file any further appeals.

If Petitioner failed to exhaust his state court remedies and the state court in which Petitioner would have filed his claims would now find the claims procedurally barred, Petitioner has procedurally defaulted his habeas claims. *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999). The

13

federal court can reach the merits of procedurally defaulted claims only if the Petitioner demonstrates either "cause and prejudice" regarding the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed. *See Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001).

We find that Petitioner has procedurally defaulted his Ground One claim in his habeas petition and he has not shown cause and prejudice or a fundamental miscarriage of justice if this claim is not reviewed by the federal court. Thus, we recommend that Petitioner's Ground One claim be dismissed.

> 2. *Ground Two- Ineffective Assistance of Counsel-Discontinuance of Appeal*

Again, Respondents argue that Petitioner's claim of ineffective assistance of counsel for the withdrawal of Petitioner's guilty plea was not exhausted before the Pennsylvania courts, therefore, Petitioner waived the claim by procedural default. We agree.

As discussed above, on February 1, 2011, Petitioner filed a notice of appeal with the Superior Court related to case CP-67-CR-0000311-2007. (228 MDA 2011). On that date, Petitioner also filed a notice of appeal with the Superior Court related to case CP-67-CR-0000312-2007. (229 MDA 2011). Petitioner further filed a notice of appeal with the Superior Court related to case CP-67-CR-0008030-2007. (230 MDA 2011). On June 9, 2011, Petitioner withdrew appeal 230 MDA 2011 with the Superior Court related to case CP-67-CR-0008030-2007. (RRR 178).

14

Petitioner argues that he did not give his counsel permission to withdraw the appeal, thereby, rendering counsel ineffective. (Doc. 1, p. 7).

Petitioner was informed of counsel's withdrawal of 230 MDA 2011 by letter dated June 7, 2011. (Doc. 1, Ex. A). The Superior Court granted the praecipe for discontinuance on June 9, 2011. Thus, Petitioner then had one year until June 9, 2012 in which to raise his ineffective assistance of counsel claim through a PCRA. 42 Pa. C.S. §9545(b). Petitioner did not file any further appeals. Thus, we find that Petitioner has procedurally defaulted his Ground Two claim in his habeas petition and he has not shown cause and prejudice or a fundamental miscarriage of justice if this claim is not reviewed by the federal court. *See Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001). Thus, we recommend that Petitioner's Ground Two claim be dismissed.

## VI. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus **(Doc. 1)** be dismissed.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: May 6, 2013**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS KEMPER, | : | CIVIL ACTION NO. **1:CV-12-2022** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| SUPERINTENDENT MICHAEL HARLOW, *et al.*, | : | |
| Respondents | : | |

..................................................................................................................................

# **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 6, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                                s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**


**Dated: May 6, 2013**