# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLAS KEMPER,** | : | **CIVIL ACTION NO. 1:12-CV-2022** |
| Petitioner, | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| **SUPERINTENDENT MICHAEL HARLOW,** *et al.*, | : | |
| Respondents | : | |

## ORDER

AND NOW, this 12th day of June, 2013, upon consideration of the Magistrate Judge's report (Doc. 17) recommending that petitioner Douglas Kemper's ("Kemper") petition for writ of habeas corpus[1] (Doc. 1) be dismissed because his petition is untimely in relation to two underlying criminal convictions and because he failed to exhaust remedies in state court prior to filing his petition in this court, and upon further consideration of Kemper's objections to the report (Doc. 18),[2] and,

---

[1] In his petition, Kemper alleges that his counsel was ineffective, that he was not advised of his rights prior to his entry of a guilty plea and at sentencing, and that his attorney forged his signature on the guilty plea colloquy. (Doc. 1, at 6). Kemper further alleges that his counsel withdrew an appeal related to case 8030-2007 without his permission. (Doc. 1, at 7).

[2] Kemper does not object to the Magistrate Judge's untimeliness finding, but appears to contest the Magistrate Judge's procedural default analysis. (See Doc. 17).

following an independent review of the record,[3] the court concluding that the Magistrate Judge did not clearly err in his timeliness analysis, and that Kemper's claims are waived through procedural default,[4] it is hereby ORDERED that:

1. The report and recommendation (Doc. 17) of the Magistrate Judge are ADOPTED.

---

[3] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the report's contested portions. FED. R. CIV. P. 72(b)(3). The court will review the uncontested portions of the Magistrate Judge's report for "clear error on the face of the record." See Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (quoting FED. R. CIV. P. 72(b) advisory committee's note (1983)).

[4] A state prisoner must exhaust all remedies in state court prior to filing for habeas corpus review of his conviction in this court. 28 U.S.C. § 2254(b)(1)(A). If a state prisoner has not exhausted all state court remedies prior to filing his habeas petition, the court cannot review the petition on its merits unless "the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims." Showers v. Beard, 586 F. Supp. 2d 310, 318 (M.D. Pa. 2008).
　　The court is barred from considering either of Kemper's claims. In relation to the first claim, Kemper first filed a state post-conviction appeal concerning the failure to advise him of his post-sentence rights at sentencing on July 29, 2009. The state trial court found that he was not advised of his post-sentence rights at sentencing, and reinstated his right to file post-sentence motions. He filed a post-sentence motion to withdraw his guilty plea, which was denied. Kemper appealed this denial to the Pennsylvania Superior Court, who affirmed the trial court's decision on November 14, 2011. Kemper did not appeal the Superior Court's decision and his sentence became final on December 14, 2011. Kemper failed to timely file a post-conviction appeal in state court by December 14, 2012, one year from when his sentence became final. See 42 Pa. C.S.A. § 9545(b).
　　Kemper's second claim focuses on his attorney's withdrawal of an appeal related to case 8030-2007. Defense counsel withdrew the appeal on June 9, 2011. Kemper failed to timely file a post-conviction appeal in state court by June 9, 2012, one year from when his sentence became final. See 42 Pa. C.S.A. § 9545(b). Hence, Kemper failed to exhaust his state remedies by filing a timely post-conviction appeal concerning the validity of his guilty plea or the withdrawal of the appeal. The record is devoid of any indication of actual prejudice or that a fundamental miscarriage of justice will result if the court does not review Kemper's claims. Accordingly, the court cannot consider his claims upon habeas corpus review.

2

2. Kemper's petition for writ of habeas corpus (Doc. 1) is DISMISSED.

3. The Clerk of Court is directed to CLOSE the case.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge